IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
BEAUFORT DIVISION

| | |
|---|---|
| Auto-Owners Insurance Co., )<br>   Plaintiff, )<br> )<br>vs. )<br> )<br>North Shore Place Development Co., Inc.; )<br>Graves Apartments, Inc.; Graves )<br>Construction, Inc.; Robert L. Graves, Sr.; )<br>Manelle Graves; Wesley Bush, Sr.; )<br>William G. Martini; and Mary F. Humphrey,)<br>as Special Administrator of the Estate of )<br>Jose Adrian Ricario Perez, Deceased, )<br>   Defendants. )<br>_____) | C.A. No. 9:04-22376-23<br>**ORDER** |

  This matter is before the court upon Defendant Mary F. Humphrey's, as Special Administrator of the Estate of Jose Adrian Ricario Perez, Motion to Dismiss, or in the Alternative to Stay. For the reasons set forth herein, Defendant's motion is denied.

## BACKGROUND

  Auto-Owners Insurance Company ("Auto-Owners") has filed this Declaratory Judgment Action seeking a declaration seeking a declaration that there is no coverage under two insurance policies issued by Auto-Owners to some of the defendant entities. The first policy (hereinafter "Policy A") was a commercial general liability insurance policy issued to North Shore Place Development Company, Inc.[1] The second policy (hereinafter "Policy B"), issued to Robert L. Graves and Graves Apartments, Inc., provided for automobile liability insurance coverage.

  On March 1, 2001, Jose Adrian Ricario Perez ("Perez"), an employee of Graves Construction, Inc., was killed in an automobile accident in Beaufort County, South Carolina.

---

[1] Policy A also named Robert L. Graves and Graves Construction, Inc. as additional insureds.

Approximately one month after the accident, the estate of Mr. Perez, through administrator Mary Humphrey, filed a wrongful death and survival action in the Court of Common Pleas for Beaufort County, South Carolina (hereinafter "the state court action").[2] In the state court action, Humphrey alleges that various negligent and reckless acts on the part of the co-Defendants named herein caused Perez's death.

On September 28, 2004, Auto-Owners instigated this Declaratory Judgment action. In the matter *sub judice,* Auto-Owners seeks a declaration that neither Policy A nor Policy B require it to indemnify or defend the defendants named in the state court action for myriad reasons. *See* Compl. ¶¶ 19-27; 29-36. Defendant Humphrey now asks this court to dismiss Auto-Owner's action on principles of abstention.

## ANALYSIS

The Declaratory Judgment Act, 28 U.S.C. § 2201(a), provides that district courts "may declare" the rights of interested parties. This permissive language has long been interpreted to provide district courts with "great latitude in determining whether to assert jurisdiction over declaratory judgment actions."[3] *Aetna Cas. & Sur. Co. v. Ind-Com Elec. Co.*, 139 F.3d 419, 422

---

[2] Defendants named in the state court action include: Robert L. Graves, Sr.; Manelle Graves; Graves Apartments, Inc.; North Shore Place Development Company, Inc.; Wesley Bush, Sr.; and William G. Martini.

[3] The court notes that Auto-Owners seeks only declaratory, as opposed to coercive, relief. Thus, it is clear that the *Brillhart/Wilton* abstention doctrine is applicable. *See, e.g.*, *United States v. City of Las Cruces*, 289 F.3d 1170, 1181 (10th Cir. 2002) ("If the plaintiff only requests a declaration of its rights, not coercive relief, the suit is a declaratory judgment action for purposes of determining whether the district court has broad discretion under *Brillhart* to refuse to entertain the suit."); *Myles Lumber Co. v. CNA Fin.*, 233 F.3d 821 (4th Cir. 2000) ("[A] threshold requirement that must be satisfied for a case to be subject to remand is that the complaint seek either equitable or otherwise discretionary relief.").

(4th Cir.1998); *see also Wilton v. Seven Falls Co.*, 515 U.S. 277, 286 (1995) (reaffirming that district courts have "unique and substantial discretion" in determining whether to declare the rights of litigants). Thus, "[i]n the declaratory judgment context, the normal principle that federal courts should adjudicate claims within their jurisdiction yields to considerations of practicality and wise judicial administration." *Wilton*, 515 U.S. at 288. The Supreme Court has stated as follows:

> Ordinarily, it would be uneconomical as well as vexatious for a federal court to proceed in a declaratory judgment suit where another suit is pending in state court presenting the same issues, not governed by federal law, between the same parties. Gratuitous interference with the orderly and comprehensive disposition of a state court litigation should be avoided.

*Brillhart v. Excess Ins. Co.*, 316 U.S. 491, 495 (1942).

To determine whether to proceed with a federal declaratory judgment action when a parallel state action is pending, the Fourth Circuit has articulated four factors for consideration: (1) whether the state has a strong interest in having the issues decided in its courts; (2) whether the state courts could resolve the issues more efficiently than the federal courts; (3) whether the presence of "overlapping issues of fact or law" might create unnecessary "entanglement" between the state and federal courts; and (4) whether the federal action is mere "procedural fencing," in the sense that the action is merely the product of forum-shopping. *Centennial Life Ins. Co. v. Poston*, 88 F.3d 255, 257 (4th Cir. 1996).

Turning to the first factor, "while the State certainly has a strong interest in protecting its jurisprudence and an interest in deciding cases calling for application of its own law, to defer to the state court [action] in the[se] circumstances . . . will not advance the State's interests significantly because (1) the contractual coverage issue will not be decided by the state [court

action], and (2) [Auto-Owners] is not a party to the state case." *Penn-America Ins. Co. v. Coffey*, 368 F.3d 409, 414 (4th Cir. 2004). Moreover, "the State's interest is not particularly significant where any state law issues are standard and unlikely to break new ground." *Id.* No state law issues that would break new ground are present here, as there are numerous recent South Carolina cases interpreting commercial general liability policies similar to the one at issue. *See, e.g.*, *Auto-Owners, Ins. Co. v. Brazell Builders, Inc.*, 588 S.E.2d 112 (S.C. 2003); *Century Indemnity Co. v. Golden Hills Builders, Inc.*, 561 S.E.2d 355 (S.C. 2002); *L-J, Inc. v. Bituminous Fire & Marine Ins. Co.*, 567 S.E.2d 489 (S.C. Ct. App. 2002), *cert. granted* May 15, 2003; *Isle of Palms Pest Control Co. v. Monticello Ins. Co.*, 459 S.E.2d 318, 319 (S.C. Ct. App. 1994); *Jefferson-Pilot Fire & Cas. Co. v. Sunbelt Beer Distrs., Inc.*, 839 F. Supp. 376, 379 (D.S.C. 1993). Defendant Humphrey has wholeheartedly failed to show that South Carolina has a strong interest in having the questions of indemnity resolved in its courts. Because it does not appear that resolution of the coverage questions turns on a novel issue of state law, this factor does not militate in favor of dismissal.

The second factor -- whether the state court could resolve the issues more efficiently -- is indeterminate for similar reasons. Because Auto-Owners is not a party in the underlying actions, dismissing the federal coverage case would not seem to advance any cause of efficiency. *Coffey*, 368 F.3d at 414. Instead, retaining this matter better serves the ends of efficiency, as this action includes only the parties with an interest in the coverage decision. Moreover, a declaratory judgment in this action would "clarif[y] and settl[e] the legal relations in issue" and could "terminate and afford relief from the [coverage] controversy." *See Aetna Cas. & Sur. Co. v. Quarles*, 92 F.2d 321, 325 (4th Cir. 1937).

4

Next, the coverage questions presented by Auto-Owners can be addressed without becoming entangled in the factual or legal issues that must be decided in resolving the state court action. In the words of the Fourth Circuit, "the duty-to-defend question in this case will not require the district court to resolve factual questions at all." *See Coffey,* 368 F.3d at 413. (finding no entanglement when the federal court "need only decide such coverage by comparing what Sizemore *has alleged* in the state court action with the language of the Penn-America insurance policy."). Here, as in *Coffey,* the court will only be required to consider the allegations contained in the underlying state court actions with the language of Auto-Owner's policies. Moreover, although the question of the causation of the damages in the underlying actions is relevant, "it is not necessary to resolve those issues before defining the scope of the contracts' [various] exclusion[s]." *Coffey,* 368 F.3d at 414. Thus, there is no basis for concluding that resolution of the coverage issue will result in gratuitous interference with state court proceedings by preempting critical legal determinations or factual findings that the state court will have to make in resolving the state court action.

Finally, on the last factor of whether Auto-Owners is procedurally fencing or forum-shopping in prosecuting this federal declaratory judgment action, "no party has advanced convincing evidence that [Auto-Owners] is doing so in this case." *Coffey*, 368 F.3d at 414. "There is a live and serious question of whether the [policies' coverage provisions] appl[y], and the evidence in the record leads to the conclusion that [Auto-Owners] has appropriately sought a declaratory judgment in federal court to clarify and settle the issue." *Id.* Because none of the four factors militates in favor of abstention, the court must deny Humphrey's motion.

## CONCLUSION

It is therefore **ORDERED,** for the foregoing reasons, that Defendant Humphrey's Motion to Dismiss Or, In the Alternative, to Stay is **DENIED**.

**AND IT IS SO ORDERED.**

**S/ Patrick Michael Duffy**

**PATRICK MICHAEL DUFFY**
**UNITED STATES DISTRICT JUDGE**

**Charleston, South Carolina**
**June 9, 2005**